IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEONKA MONROE, on behalf of herself and other persons similarly situated ) ) ) | CIVIL ACTION NO. |
| *Plaintiff*, ) | JUDGE |
| v. ) ) | MAG. JUDGE |
| TOMORROW TELECOM INCORPORATED ) and TOMORROW PCS, LLC, ) ) | |
| *Defendants*. ) | |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Beonka Monroe, through her attorneys Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Tomorrow Telecom Incorporated and Tomorrow PCS, LLC.

## NATURE OF THE ACTION

1. This is an action by Beonka Monroe ("Plaintiff") on behalf of herself and a class of similarly situated individuals (the "Plaintiff Class") to recover unpaid wages.

2. Plaintiff and the Plaintiff Class were employed as store managers ("Store Managers") by Defendants Tomorrow Telecom Incorporated and Tomorrow PCS LLC ("Defendants"). While working for the Defendants, Plaintiff and the Plaintiff Class were not paid overtime premium pay for overtime hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

3. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of herself and other similarly situated

employees who worked for Defendants during the past three years under the authority of 29 U.S.C. § 216(b).

## JURISDICTION

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

5. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Beonka Monroe

6. Plaintiff Beonka Monroe ("Plaintiff") is a natural person and a resident of Louisiana.

### Defendant Tomorrow Telecom Incorporated

7. Defendant Tomorrow Telecom Incorporated ("Telecom") is a foreign corporation organized under the laws of Texas.

### Defendant Tomorrow PCS, LLC

8. Defendant Tomorrow PCS, LLC ("TPCS") is a domestic limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana.

## FACTUAL ALLEGATIONS

9. Non-party Metro PCS is a national cellular phone service provider. Metro PCS provides phones and cellular phone network access to millions of Americans.

10. In order to sell these goods and services, Metro PCS contracts with third-parties to market and sell Metro PCS products in retail environments throughout the United States. These third-parties are commonly called "Master Dealers."

11. Master Dealers sell Metro PCS phones and services plans at retail locations owned, operated, or leased by the Master Dealers.

12. Master Dealers are compensated by Metro PCS via commissions and/or percentages of the sales Master Dealers complete with customers.

13. Master Dealers are free to subcontract with third-parties to market and sell Metro PCS products. These subcontractors are commonly called "Sub-Dealers."

14. Tomorrow Telecom is a Master Dealer.

15. TPCS is a Sub-Dealer of Tomorrow Telecom that operates in Louisiana.

16. Tomorrow Telecom uses other Sub-Dealers for its operations in other states. For instance, it uses "Tomorrow Mobile" for its operations in Missouri and Kansas and it uses "Tomorrow Comm" for its operations in Tennessee and Kentucky.

17. In addition to using Sub-Dealers, Tomorrow Telecom itself operates stores in Texas.

18. Tomorrow Telecom and its Sub-Dealers (including Defendant TPCS) share common ownership.

19. For the purposes of this complaint, all stores operated by Tomorrow Telecom together with all stores operated by a Sub-Dealer of Tomorrow Telecom are collectively referred to as "Tomorrow Telecom Locations."

20. Tomorrow Telecom promulgates computer software that it requires all its employees, including Store Managers, at all Tomorrow Telecom Locations to use. This software

tracks the activity of every employee, including their completed sales, their hours worked, and the dates and times employees are physically located at a Tomorrow Telecom Location. All information logged in the computer software at each Tomorrow Telecom Location is sent electronically to Tomorrow Telecom.

21. Tomorrow Telecom makes decisions about the hours and pay rates of Store Managers, as well as other day-to-day activities of Tomorrow Telecom Locations, based on the information they receive from this computer software.

22. Tomorrow Telecom issues payment to its Sub-Dealers and to Store Managers based on information received from this computer software.

23. Tomorrow Telecom issues checks directly to Store Managers.

24. Tomorrow Telecom specifically reserved the right to fire any Store Manager at any Tomorrow Telecom Location for any reason. Tomorrow Telecom's Sub-Dealers (including TPCS) were not capable of overriding Tomorrow Telecom's decision to fire a Store Manager.

25. Tomorrow Telecom established the percentage rate of commissions payable to all its employees, including Store Managers, at each Tomorrow Telecom Location. The rates of these commissions were constantly subject to change at the whim of Tomorrow Telecom.

26. Tomorrow Telecom established the various "promotions" that each Tomorrow Location would undertake at any given time. "Promotions" were instances where its employees, including Store managers, were incentivized with cash bonuses to sell certain Metro PCS products and services.

27. Tomorrow Telecom shifted employees from one Sub-Dealer to another Sub-Dealer within the network of Tomorrow Telecom Locations.

28. Store Managers were supervised by roving General Managers who were employed by Tomorrow Telecom.

29. Tomorrow Telecom has annual gross revenues of more than $500,000 during the last three years.

30. TPCS supervised the day-to-day work of the Plaintiff.

31. TPCS determined Plaintiff's work schedule.

32. TPCS has annual gross revenues of more than $500,000 since its inception.

33. TPCS issued checks to the Plaintiff.

34. TPCS is a "common enterprise" with Tomorrow Telecom, because the two businesses share management, infrastructure, and financial resources, and work towards shared objectives.

## Plaintiff Beonka Monroe's experience

35. Plaintiff worked for Defendants as a store manager.

36. Plaintiff's primary duties as a store manager were to sell cellular phones, cellular accessories, and cellular phone service programs to customers at Tomorrow Telecom Locations.

37. Plaintiff was paid a set salary of approximately $900 semi-monthly. Plaintiff also earned sales commissions and cash bonuses on the sales she made.

38. Plaintiff regularly worked more than 40 hours per week, and often 6 days a week. On average, Plaintiff worked at least 50 hours per week.

39. For all overtime hours worked, Plaintiff never received any premium overtime pay. Plaintiff was only paid her set salary and any commissions earned from ongoing sales promotions.

40. Defendants did not factor these commissions and bonuses into Plaintiff's base hourly wage for the purposes of calculating her overtime pay.

41. Plaintiff was paid by check.

42. The check stubs allegedly issued with the checks originated from Tomorrow Telecom's office in Dallas, Texas.

## Collective Action Allegations

43. All Store Managers at all Tomorrow Telecom Locations ("Class Plaintiffs") suffered the same FLSA violations as did the Plaintiff.

44. All Class Plaintiffs were not paid overtime wages for overtime hours worked.

45. All Class Plaintiffs' commissions and bonuses were not factored into their hourly wages for the purposes of overtime wage calculation and payment.

46. All Class Plaintiffs were subject to the same common policy of the Defendants to not pay Store Managers overtime; to not factor sales commissions and bonuses into the overtime rate; and to be misclassified as salary-exempt employees.

47. When Plaintiff Class members worked for the Defendants, they were not exempt from the FLSA.

## COUNT I
## Fair Labor Standards Act and Collective Action Claims

48. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

49. Plaintiff and Class Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and 216.

50. Defendants did not pay Store Managers overtime pay for overtime hours worked.

51. Store Managers were improperly classified as salary-exempt employees under 29 U.S.C § 213(a)(1). Store Managers were paid a salary of less than $455 per week and do not meet the "duties test" for the exemption for executive classification under § 213(a)(1).

52. Plaintiff brings claims on behalf of herself and an "FLSA Class," consisting of all current and former Store Managers of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as salary or non-exempt employees and who:

> a. worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek; and/or
>
> b. were not paid the correct amount of overtime because Defendants failed to account for their sales commissions in calculating their overtime rate of pay.

53. Defendants willfully violated the overtime provisions of the FLSA, because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

54. Because of Defendants' FLSA violations, Plaintiff and Class Plaintiffs are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b). Plaintiff and Class Plaintiffs are also entitled to injunctive relief.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in her favor against Defendants and issue an order:

> a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Class so that

    similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages and minimum wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Entering a judgment in the amount of all unpaid overtime wages due and owing to any Plaintiff who opts-in to this case, as well as all that Plaintiffs applicable liquidated damages;

d. Declaring that Defendants' conduct violated the FLSA;

e. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

f. Awarding the reasonable attorneys' fees and costs of this action;

g. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

h. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*