UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEONKA MONROE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-8072** |
| **TOMORROW TELECOM INCORPORATED AND TOMORROW PCS, LLC** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Tomorrow Telecom, Inc.'s Motion to Dismiss (Doc. #9) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant Tomorrow Telecom, Inc. Tomorrow Telecom argues that it is not subject to personal jurisdiction in Louisiana.

Defendant, Tomorrow PCS, LLC, owns and operates cellular telephone stores in Louisiana. Plaintiff, Beonka Monroe, worked at various TPCS locations as a store manager selling cellular telephones and service plans. TPCS was formed under Louisiana law, and has an Exclusive Master Dealer Contract with MetroPCS Michigan, LLC to sell MetroPCS products exclusively in Louisiana.

Monroe also alleges that Tomorrow Telecom has a master dealer contract with MetroPCS that permits Tomorrow Telecom to use sub-dealers to sell MetroPCS products in various states. Monroe alleges that Tomorrow Telecom sells MetroPCS products in Texas and TPCS is a sub-dealer of Tomorrow Telecom that sells MetroPCS products in Louisiana. Monroe alleges that Tomorrow Telecom and TPCS have common ownership, and that Tomorrow Telecom exercises managerial control over and issues the pay for the TPCS store managers. Monroe further alleges that Tomorrow Telecom promulgates computer software that TPCS is required to use, and that this software allows

Tomorrow Telecom to track every employee's activities, including sales completed and hours worked.

Monroe alleges that she was paid $900 semi-monthly, plus sales commissions and cash bonuses. She further alleges that she often worked in excess of 40 hours per week and did not receive overtime pay. On August 21, 2017, Monroe filed this action alleging that TPCS violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 207(a), by failing to pay her and other similarly situated employees one-and-one-half times of their regular rate for hours worked in excess of 40 hours per week. Monroe seeks to proceed as a collective action under section 216(b) the FLSA, and to represent an opt-in class consisting of:

> All current and former Store Managers of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as salary or non-exempt employees and who:
>
> a. worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek; and/or
>
> b. were not paid the correct amount of overtime because Defendants failed to account for their sales commissions in calculating their overtime rate of pay.

On October 4, 2017, Tomorrow Telecom filed the instant motion to dismiss arguing that it is not subject to personal jurisdiction in Louisiana because it does not own or have control over TPCS. Tomorrow Telecom argues that it does not have sufficient connections with Louisiana to subject it to either general or specific personal jurisdiction in this State.

## ANALYSIS

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 119 S.Ct. 1563, 1570 (1999). Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a defendant can move to dismiss an action against it for lack of personal jurisdiction. "The plaintiff bears the burden of establishing [personal] jurisdiction but is required to present only *prima facie* evidence." Seiferth v. Helicopteros Attuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). The allegations of the complaint, except as controverted by opposing affidavits, are taken as true and all factual conflicts are resolved in the plaintiff's favor. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985). In resolving a motion to dismiss for lack of personal jurisdiction, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) (quotations omitted).

Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the Due Process Clause. ICEE Distrib., Inc. v. J&J Snack Foods, 325 F.3d 586, 591 (5th Cir. 2003). Because Louisiana's long-arm statute extends to the limits of the Due Process Clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process. See Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999). Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945) (internal quotation and citation omitted).

Personal jurisdiction may be either specific jurisdiction or general jurisdiction. "General jurisdiction allows a court to exercise personal jurisdiction generally based on any claim, including claims unrelated to the defendant's contacts" with the forum state. James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-V (2017). A court has general jurisdiction over a nonresident defendant "to hear any and all claims against [it] when [its] contacts with the state are so 'continuous and systematic' as to render [it] essentially at home in the forum." Daimler AG v. Bauman, 134 S.Ct. 746, 761 (2014) (quotations omitted). The "test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001). Monroe does not argue that Tomorrow Telecom has continuous and systematic contacts with Louisiana that would subject it to general personal jurisdiction in the State. Therefore, only specific personal jurisdiction is at issue.

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum State and litigation results from alleged injuries that arise out of or relate to those activities." Panda Brandywine Corp. v. Patomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quotations omitted). "In other words, there must be 'an affiliation between the forum and the underling controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Bristol-Myers Squibb Co. v. Superior Court of Cal. S.F. Cty., 137 S.Ct. 1773, 1780 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011)). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Id. (quoting Goodyear, 131 S.Ct. at 2851). Thus, specific jurisdiction is a claim-specific inquiry, meaning that "[a] plaintiff bringing multiple claims that arise out of different forum

contacts of the defendant must establish specific jurisdiction for each claim." Seiferth, 472 F.3d at 274. Further, each plaintiff must establish specific jurisdiction as to each of its claims against the defendant. Bristol-Myers Squibb, 137 S.Ct. at 1782.

The event supporting the exercise of specific jurisdiction "must arise out of contacts that the 'defendant *[it]self*' creates with the forum State." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014) (citing Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2184 (1985)). Actions, or a single act, by a nonresident defendant whereby it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[,]" can establish minimum contacts. Burger King, 105 S.Ct. at 2183 (citations and footnotes omitted). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc, 9 F.3d 415, 419 (5th Cir. 1993). "The purposeful availment inquiry is intended 'to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state.'" James M. Wagstaffe, Practice Guide: Federal Civil Procedure Before Trial, § 10-VII (2017) (quoting A Corp. v. All Am. Plumbing, Inc., 812 F.3d 564, 60 (1st Cir. 2016)). Moreover, "the plaintiff cannot be the only link between the defendant and the forum." Walden, 134 S.Ct at 1122.

The United States Court of Appeals for the Fifth Circuit applies a three-step analysis to determine specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or result from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

5

Seiferth, 472 F.3d at 271. "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." Id. In conducting the fairness inquiry, the court examines "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." Luv N' Care Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 473 (5th Cir. 2006). Although all of these factors are relevant, the "primary concern is the burden on the defendant" in term so "the practical problems resulting from litigating in the forum" and encompassing "the more abstract matter of submitted to the coercive power of a State that may have little legitimate interest in the claims in question." Bristol-Myers Squibb, 137 S.Ct. at 1780 (quotations and citations omitted).

    Tomorrow Telecom supports its motion to dismiss with the sworn affidavit of its general manager, Michael Lim. In his affidavit, Lim states that Tomorrow Telecom is a corporation that is organized under the laws of, and maintains its principal place of business in, Texas. TPCS and Tomorrow Telecom do not have a business connection and operate in different regions under separate and distinct Exclusive Master Dealer Contracts with different MetroPCS entities. Tomorrow Telecom has an Exclusive Dealer Agreement with MetroPCS Texas, LLC to sell MetroPCS products in Texas, and by the terms of that contract, cannot conduct business in Louisiana. TPCS has an unrelated Exclusive Dealer Agreement with MetroPCS Michigan, LLC. TPCS has no interest in, nor does it operate under, Tomorrow Telecom's Exclusive Master Dealer Agreement with MetroPCS Texas, LLC. Tomorrow Telecom does not have any offices or own any property in Louisiana, nor does it have an agent for service of process, any employees, any bank

accounts or any telephone numbers in Louisiana. Tomorrow Telecom does not advertise or conduct business in Louisiana. Tomorrow Telecom and TPCS have their own separate members, managers, contracts, books, records and employees. TPCS has an independent general manager who sets the wages, hours, conditions of employment and schedules of its employees. Lim also swears that Tomorrow Telecom does not provide software to TPCS, and TPCS is not a sub-dealer of Tomorrow Telecom. Tomorrow Telecom and TPCS do not share employees, human resources departments, bank accounts or supplies. Tomorrow Telecom does not make hiring decisions for TPCS, nor does it set promotions of commissions for TPCS's employees. Finally, Lim states that Tomorrow Telecom has never employed Monroe, and did not make any decisions regarding her hours, pay rates, conditions of employment or schedule.

Monroe argues that she has alleged enough facts in her complaint to establish specific personal jurisdiction over Tomorrow Telecom in Louisiana. She argues that the statements in Lim's affidavit contradict the deposition testimony of Jung Park, who has an ownership interest in both Tomorrow Telecom and TPCS. Monroe argues that factual disputes should be resolved in her favor to find personal jurisdiction. Monroe contends that Park's testimony establishes specific personal jurisdiction over Tomorrow Telecom in Louisiana because Park testified that: Tomorrow Telecom's CFO, Jeff Baik, visited TPCS locations and audited their inventories and generated payroll data for TPCS; and, Lim had the power to supervise, transfer, hire, set the salary for, and train TPCS's general managers. Monroe also argues that Tomorrow Telecom offered medical insurance to TPCS's employees, characterizing them as Tomorrow Telecom employees; that Ben Kim was the "General Manager - New Orleans Market" for Tomorrow Telecom and TPCS; Tomorrow Telecom instructed TPCS employees to review a new insurance policy for a device; and, that Tomorrow

Telecom regularly emailed TPCS employees copies of their payroll information. Monroe argues that she has demonstrated that Tomorrow Telecom exerts purposeful managerial control over TPCS's business in Louisiana sufficient to form the basis for specific personal jurisdiction.

Monroe has established that Tomorrow Telecom is subject to specific personal jurisdiction in Louisiana related the claims she makes in this litigation. The State has an interest in ensuring that its residents are compensated fairly by their employers. Monroe has submitted facts that show that Tomorrow Telecom was likely involved in running TPCS's business in Louisiana with respect to exerting some managerial control and having involvement in compensating TPCS's employees. Monroe's cause of action regarding her compensation is related to these contacts. Further, exercising specific personal jurisdiction in Louisiana over Tomorrow Telecom in this action is fair and reasonable. Tomorrow Telecom has interactions with the State of Louisiana therefore the burden to Tomorrow Telecom would be minimal. Monroe has an interest in securing relief for her alleged under-compensation. Finally, exercising personal jurisdiction over Tomorrow Telecom in this case is in the interest of the efficient administration of justice because it places both Tomorrow Telecom and TPCS before one court regarding Monroe's claims. Therefore, Tomorrow Telecom's motion to dismiss for lack of personal jurisdiction is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Tomorrow Telcom, Inc.'s Motion to Dismiss (Doc. #9) is **DENIED**.

New Orleans, Louisiana, this __7th__ day of November, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**