UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BEONKA MONROE, on behalf of<br>herself and other persons similarly situated | *<br>*<br>* | CIVIL ACTION |
| *Plaintiff*, | *<br>* | CASE NO. NO. 2:17-cv-08072 |
| V. | *<br>* | |
| TOMORROW TELECOM, INC. and<br>TOMORROW PCS, LLC | *<br>*<br>*<br>*<br>* | JUDGE MARY ANN VIAL<br>LEMMON |
| | *<br>* | MAGISTRATE JUDGE DANIEL E.<br>KNOWLES, III |
| *Defendants*. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

**I. Summary**

The Parties have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case and the separate yet related action, *Blank v. Tomorrow Telecom, Inc. et al*, No. (2:16-cv-11092. Plaintiffs' claims were relatively minor compared to the enormous attorney and cost expenditure required. For instance, Plaintiff Monroe worked for Defendants for a little over one year, yet it took more than two years of litigation, numerous motions, and countless pages of discovery to resolve this matter. This settlement was reached after months of negotiations

**II. The Settlement is Fair and Reasonable Resolution of a Bona Fide Dispute.**

    **A.** *Bona Fide Disputes Exist Between the Parties.*

If Plaintiffs' allegations were ultimately correct, Tomorrow PCS, LLC and Tomorrow Telecom, Inc. ("Defendants") would be faced with the prospect of a monetary judgment in favor of Named Plaintiff Beonka Monroe ("Monroe") and potentially the Opt-in Plaintiffs. Before

2175984.1

Monroe filed her complaint and sent out notice to putative plaintiffs, Lyndsay Blank (Blank"), a former sales associate for Tomorrow PCS, filed a separate action against Defendants seeking to represent sales associates to recover overtime wages for violations of the FLSA who were not included in Monroe's class of managers. The *Blank* case is proceeding before this Court and involves the same Defendants and one of the same opt-in Plaintiffs, Oliska Gary. While the *Blank* and *Monroe* cases are at different stages of litigation, the Parties propose that resolving their underlying claims in the same agreement will be in the best interests of the Parties and promote judicial economy. Accordingly, the Parties will seek judicial approval of this settlement in the *Blank* case as well.

Defendants would also potentially face the obligation to pay litigation fees and costs incurred by Monroe. If Defendants' arguments were correct, then Monroe and potentially the Opt-in Plaintiffs would not make a recovery, or the recovery would be substantially less than what Monroe and the Opt-in Plaintiffs sought. The Parties on both sides were represented by able counsel throughout this litigation. Each side has substantial arguments in support of their legal position on issues such as whether Monroe and the Opt-in Plaintiffs were entitled to unpaid overtime or whether Defendants could claim credit for allegedly overpaid wages as an offset to damages. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

### B.  The Proposed Settlement Is Fair and Reasonable.

The precise terms of the settlement agreement are outlined in the Settlement Agreement filed as an attachment hereto. The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Blank, Monroe, and the Opt-in Plaintiffs and (2) eliminating the inherent risks both sides would bear if

this complex litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The settlement agreement is also fair and reasonable because substantial obstacles exist if litigation continues and the settlement provides substantial and immediate relief. The Parties disagree about the merits of Monroe's claims, the viability of Defendants' defenses, and the proper calculation of damages. Further, there have been obstacles to the calculation of Plaintiff's damages due to Defendants' record keeping practices. Specifically, Defendants calculated payroll on a bimonthly basis rather than a biweekly basis. Without settlement, the Parties would have litigated dispositive motions on the merits of the claims and likely proceeded to trial. Even if Monroe and the Opt-in Plaintiffs had prevailed on the merits by summary judgment or trial, an appeal to the Fifth Circuit would have likely resulted. Under such a scenario, Monroe and the Opt-in Plaintiffs would not see any monetary relief from this case, if any, until years from now. The Settlement Agreement brings immediate benefit to Blank, Monroe, and the Opt-in Plaintiffs.

The FLSA mandates payment of attorneys' fees to prevailing plaintiffs. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2008 WL 5140045 (S.D. Tex. Dec. 8, 2008) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases."). As part of the Settlement, the Parties have agreed that Plaintiffs' Counsel is entitled to reimbursement for just a portion of their attorney's fees. For instance, attorney Emily Westermeier bills at the rate $200/hour and she alone has over 395.6 hours of legal work in litigating the *Blank* and *Monroe* cases, while attorneys

Beaumont and Costales have at least an additional 125 hours at the rate $250/hour. Plaintiff's counsel has agreed to limit their fees to $45,419.40 in attorneys' fees. Courts in this circuit have previously found the above rates reasonable for Attorneys Costales, Beaumont, and Westermeier. *Banegas v. Calmar Corporation et al*, No. 15-593 (E.D. La. Oct. 26, 2016) (Lemelle, I.); *Rubio v. C.R. Contractors et al*, No. 16-13908 (E.D. La. Aug. 16, 2017) (Lemelle, I.) *Esparza v. Kostmayer Construction et al*, No. 15-4644 (E.D. La. Sept. 26, 2017) (van Meerveld, J.).

It is not uncommon for attorneys' fees awards to exceed the amounts obtained by FLSA-plaintiffs. *Howe v. Hoffman-Curtis Partners Ltd.*, 215 F. App'x 341, 341-42 (5th Cir. 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples.") (attorneys' fees of $129,805.50 compared to $23,357.30 in damages). *See also*, *Lucio-Cantu v. Vela*, 239 F. App'x 866, 867-68 (5th Cir. 2007) (fees of $51,750 where plaintiffs recovered judgments totaling $4,697.79); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) ($9,250 in attorneys' fees where plaintiff obtained $1,181). Plaintiffs' counsel has reduced their attorneys' fees and the attorneys' fee negotiated by the parties is reasonable. Plaintiff's counsel will not be entitled to any portion of the amounts reserved for the Plaintiffs.

The terms of the settlement have been approved by Monroe, Monroe's counsel, Defendants, and Defendants' counsel. Monroe and the opt-in plaintiffs entered into the Settlement Agreement voluntarily and knowingly and understand fully that they are relinquishing their claims in this matter in exchange for the agreed upon settlement. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

### III. Conclusion

The Parties and their counsel agree that the Agreement is a reasonable compromise of the claims alleged by the Plaintiffs in light of the procedural posture of the case, the litigation risks, and the costs applicable to both sides. The Parties engaged in arm's-length settlement negotiations after discovery and many months of litigation. Because the Agreement is a reasonable compromise and adequately compensates the participants for all the alleged unpaid overtime hours by the Plaintiffs, the Parties seek entry of the enclosed Agreed Order of Approval.

*Respectfully submitted,*

/s/ William H. Beaumont
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
eaw@beaumontcostales.com
**ATTORNEYS FOR PLAINTIFFS**

/s/Magdalen Blessey Bickford
Stephen P. Beiser, T.A. (14074)
sbesier@mcglinchey.com
Magdalen Blessey Bickford, T.A. (17472)
mbickford@mcglinchey.com
Camille R. Bryant, (35063)
cbryant@mcglinchey.com
McGLINCHEY STAFFORD
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
**ATTORNEYS FOR TOMORROW PCS, LLC AND TOMORROW TELECOM, INC.**

- 6 -

CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2018, I served a copy of the foregoing on counsel for Defendants via the Court's CM/ECF system.

*/s/ Magdalen B. Bickford*